NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRAMESH RAJ UPRETY,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4255

Agency No.
A240-454-402

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025**
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.***

Pramesh Raj Uprety petitions for review of the Board of Immigration

Appeals (BIA) decision dismissing his appeal and affirming denial of asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

withholding of removal.[1]  Uprety, a Nepali citizen born in Kathmandu, arrived in the United States in 1989 on a student visa.  After an extra social security number was issued to the son of his friend, Uprety obtained that number and then obtained identification and a passport in the name of Robert Paul Parker.  Uprety lived in the United States under that assumed identity until he was convicted of: (1) Social Security Fraud in violation of 42 U.S.C. § 408(a)(2); and (2) making a False Statement in Application or Use of a Passport in violation of 18 U.S.C. § 1542.  After being charged as removable for committing a crime of moral turpitude under Section 212(a) of the Immigration and Nationality Act, he submitted his application for asylum, withholding of removal, and protection under the Convention Against Torture.

Due to Uprety's criminal convictions, our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C), which precludes judicial review of any final order of removal against a noncitizen convicted of a statutorily enumerated crime.  Under 8 U.S.C. § 1252(a)(2)(D), however, we have jurisdiction over "constitutional claims" and "questions of law" raised in the petition for review.  *See Nasrallah v. Barr*, 590 U.S. 573, 581 (2020) ("[A] court of appeals may review constitutional or legal challenges to a final order of removal . . . .").  For the purposes of this

_____

[1] Uprety did not challenge the Immigration Judge's (IJ) denial of protection under the Convention Against Torture before the BIA or in his briefing on appeal, so that issue is not before us.

jurisdictional provision, "the statutory phrase 'questions of law' includes the application of a legal standard to undisputed or established facts[.]" *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) (citing *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020)). We dismiss in part and deny in part the petition for review.

1. First, Uprety challenges the BIA's conclusion that he is ineligible for asylum because he failed to establish "past persecution on account of a protected characteristic[,]" i.e., his membership in the particular social group of his family.[2] To be eligible for asylum, Uprety must demonstrate that his status as his father's son was "at least one central reason" for the alleged persecution—which is to say, "primary, essential, or principal[,]" not "incidental, tangential, superficial, or subordinate to another reason for harm." *Kaur v. Garland*, 2 F.4th 823, 834–35 (9th Cir. 2021) (citations omitted).

Here, the IJ found that Uprety's father was "violent towards a lot of people" and "simply an angry man" who lashed out at Uprety when Uprety insulted him or "hadn't performed well enough at school or in sports," rather than on account of their familial tie. On appeal, the BIA concluded that the IJ's "findings regarding the motives of [Uprety's] father [we]re not clearly erroneous." To the extent that

---

[2] We do not address Uprety's arguments about whether he is precluded from asylum by the one-year filing deadline or his criminal convictions because the BIA expressly declined to address those issues. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) ("[O]ur review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.").

Uprety challenges the agency's motive determination, we lack jurisdiction to review that established factual finding and dismiss that part of the petition. *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) (characterizing "a persecutor's motive" as a factual finding).

"[W]hether a persecutor's motives meet the nexus legal standards, i.e., whether a protected ground was 'one central reason' . . . for the past . . . harm[,]" however, is a question of law over which we do have jurisdiction. *Id.* (citation omitted). On that question, we agree with the BIA that the record evidence illustrates only that Uprety's father made collateral damage of those closest to him—*not* that family ties were a "central reason" motivating his violence for asylum purposes.

2. Second, Uprety objects to the BIA's conclusion that he did not establish that his well-founded fear of future persecution is on account of his membership in a cognizable particular social group. For future persecution, Uprety proposed social groups defined as "Nepali men with major depressive disorder viewed as foreigners" and "Nepali men with anxiety disorder viewed as foreigners." But the BIA correctly noted that Uprety failed to challenge the IJ's determination that his proposed social groups are not cognizable, which is a dispositive finding for both his asylum and withholding of removal claims. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that both asylum and withholding of

removal claims require "the existence of a cognizable particular social group" (citation omitted)).  Before the BIA, Uprety argued only that the IJ erred in concluding that Uprety was not a *member* of his proposed social groups.  Thus, we decline to consider Uprety's challenge to the IJ's cognizability determination due to his failure to administratively exhaust the claim.  *See Umana-Escobar*, 69 F.4th at 550 (noting that the administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)).

**PETITION DISMISSED IN PART AND DENIED IN PART.[3]**

---

[3] The temporary stay of removal remains in place until the mandate issues.  The motion for a stay of removal is otherwise denied.